THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NORMA I. CARDOZA-ESTREMERA, et al.,**

    **Plaintiffs,**

    v.

**COLEGIO PADRE BERRIOS, et al.,**

    **Defendants.**

Civil No. 16-2318 (ADC)

**OPINION AND ORDER**

Plaintiffs Norma I. Cardoza-Estremera and Cándida Pérez-Robles are parochial-school teachers who participate in the employee pension plan of the Catholic Schools of the Roman Catholic Archdiocese of San Juan de Puerto Rico ("Catholic Schools"). On July 7, 2016, plaintiffs commenced this action by filing a complaint against Academia San José, the Roman Catholic Archdiocese of San Juan de Puerto Rico, the Trust of the Catholic Schools' Pension Plan, and Ana Cortés-Crespo, the Catholic Schools' Superintendent (collectively, "defendants"), among others. **ECF No. 1**. The complaint alleges that defendants have mismanaged plaintiffs' pension plan, violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and also Puerto Rico law in the process. *Id.*

Defendants have timely moved the Court to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that plaintiffs' pension plan is exempt from ERISA because it is a "church plan" within the meaning of 29 U.S.C. § 1002(33). **ECF Nos. 17**,

**19**. Plaintiffs have responded in opposition to the motion. **ECF No. 24**. The Court granted defendants leave to reply to plaintiffs, but defendants did not then do so. See **ECF No. 30**.

On June 5, 2017, the United States Supreme Court decided *Advocate Health Care Network* v. *Stapleton*, 137 S. Ct. 1652 (2017), construing the scope of ERISA's church-plan exemption. Three days later, this Court ordered the parties to brief the effect, if any, of that decision on the pending motion to dismiss. **ECF No. 53**. The parties have complied with that Order. See **ECF Nos. 54**, **55**, **56**. The Court now denies defendants' motion to dismiss the complaint.

When reviewing a complaint under Rules 12(b)(1) and (b)(6), "we construe [it] liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable* v. *O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (second alteration in original) (quoting *Murphy* v. *United States*, 45 F.3d 520, 522 (1st Cir. 1995)). A complaint, so construed, must be dismissed under Rule 12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims. *Id.*; see also *AngioDynamics, Inc.* v. *Biolitec AG*, 823 F.3d 1, 6 (1st Cir. 2016). Meanwhile, "[t]o survive a Rule 12(b)(6) motion to dismiss, the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Miller* v. *Town of Wenham*, 833 F.3d 46, 51 (1st Cir. 2016) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). If the allegations in the complaint contain factual inconsistencies, "that inconsistent pleading does not deprive the [plaintiffs] of the right to have the complaint read, as between the inconsistencies, in the manner that supports the adequacy of the pleading." *Brody* v. *Stone & Webster, Inc.*, 414 F.3d 187, 200 (1st Cir. 2005).

Defendants argue that the Court lacks "subject matter jurisdiction" because plaintiffs' pension plan "is a 'church plan' under ERISA and is exempt from said statute." **ECF No. 17**, at 3 (boldface omitted).[1] Defendants seem to think that this exemption-based argument contests plaintiffs' standing to sue, *see id*. at 4, but it does not challenge their standing, nor the Court's subject-matter jurisdiction more broadly, but only whether plaintiffs have stated a claim under ERISA. In other words, the argument concerns the non-jurisdictional matter of whether, on the merits, plaintiffs can hold defendants liable under ERISA for their alleged mismanagement of the plan. *Morrison* v. *Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) ("to ask what conduct [a statute] reaches is to ask what conduct [it] prohibits, which is a merits question."); see also *AngioDynamics, Inc.*, 823 F.3d at 6 ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination.") (quoting *Arbaugh* v. *Y & H Corp.*, 546 U.S. 500, 511 (2006)). "Subject-matter jurisdiction, by contrast, 'refers to a tribunal's power to hear a case.'" *Morrison*, 561 U.S. at 254 (some internal quotation marks omitted) (quoting *Union Pac. R.R. Co.* v. *Bhd. of Locomotive Eng'rs*, 558 U.S. 67, 81 (2009)). And, the Court finds that it clearly has jurisdiction to adjudicate plaintiffs' federal-law claims and related local-law claims. See 28 U.S.C. §§ 1331, 1367(a).

---

[1] The Court agrees with Circuit Judge O. Rogeriee Thompson that the bolding of words by a party is "unnecessary." *In re Atlas IT Exp. Corp.*, 761 F.3d 177, 180 n.3 (1st Cir. 2014) (per Thompson, J.); *HSBC Realty Credit Corp. (USA)* v. *O'Neill*, 745 F.3d 564, 566 n.2 (1st Cir. 2014) (per Thompson, J.). Indeed, as a leading commentator on legal writing has noted, "[Bolding] your own words for emphasis is a typographical trick that can annoy readers." Bryan A. Garner, The Elements of Legal Style 78 (2d ed. 2002).

Defendants also raise their exemption-based challenge under Rule 12(b)(6), alleging that the complaint fails to state a "claim" under ERISA because it does not "establish, with factual averments, that the Pension Plan is not a church plan." **ECF No. 17**, at 6-7. As was indicated above, Rule 12(b)(6) is the appropriate vehicle for this challenge. Defendants, however, fail to cite any authority in support of their notion that plaintiffs were required to plead their pension plan does not fall into any of the various exceptions to ERISA set forth in 29 U.S.C. § 1003(b).[2] See *United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); see also *Cohen* v. *Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.") (quoting 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2015)).

"ERISA generally obligates private employers offering pension plans to adhere to an array of rules designed to ensure plan solvency and protect plan participants." *Advocate Health Care Network*, 137 S. Ct. at 1656 (citing *New York State Conference of Blue Cross & Blue Shield Plans* v. *Travelers Ins. Co.*, 514 U.S. 645, 651 (1995)). "But in enacting the statute, Congress made an

---

[2] At best, defendants contend that plaintiffs have to show that their pension plan is not exempt from ERISA because plaintiffs, as the party invoking federal jurisdiction, must prove jurisdiction. See **ECF No. 17**, at ¶¶ 17–18. As noted above, however, whether the plan is covered by ERISA is a merits-related determination over which the Court has jurisdiction. See *AngioDynamics, Inc.* v. *Biolitec AG*, 823 F.3d 1, 6 (1st Cir. 2016).

important exception." *Id*. "'[C]hurch plan[s]' have never had to comply with ERISA's requirements." *Id*. (alterations in original) (quoting 29 U.S.C. § 1003(b)(2)).

Under ERISA, the term "'church plan' means a plan established and maintained . . . for its employees . . . by a church or by a convention or association of churches." *Id*. (alterations in original) (quoting 29 U.S.C. § 1002(33)(A)). ERISA also provides that "a plan maintained by . . . a church-associated organization whose chief purpose or function is to fund or administer a benefits plan for the employees of either a church or a church-affiliated non-profit . . . qualifies as a 'church plan,' regardless of who established it." *Id*., at 1658 n.3, 1663. Not all church plans are exempt from ERISA, however, only those "with respect to which no election has been made under section 410(d) of the Internal Revenue Code of 1986." 29 U.S.C. § 1003(b)(2). In the end, the definition of what qualifies as a "church plan" is fairly detailed. See *id*., at § 1002(33).

The Court finds that the parties have failed to prove, based on the factual allegations in the complaint and other documents that may be consulted at the pleadings stage, whether the pension plan at issue is or is not an ERISA-exempt church plan. The complaint, however, does state a facially plausible claim that ERISA covers the plan. See, e.g., **ECF No. 1**, at ¶¶ 1–9, 35–38, 119–128, 137–148. The Court suspects, nonetheless, that this threshold issue may prove to be determinative and, thus, advises the parties to move for summary judgment on the issue expeditiously, after a period of focused discovery.

In their motion to dismiss, defendants asseverate that the pension plan is a church plan because it "was established by the church to cover only [parochial-school] employees," those

parochial schools "are an integral part of the Catholic Church," the plan is maintained by the schools' Superintendent "to the extent [she] does not delegate totally or partially such control to a Retirement Committee," and the Superintendence "is an office of the Archdiocese," which is exempt from federal taxes under the group exemption held by the United States Conference of Catholic Bishops. **ECF No. 17**, at 15, 17, 19. Even if the Court could accept the truth of those factual assertions on faith, ignoring allegations by plaintiffs to the contrary,[3] defendants fail to prove that the pension plan is an exempt church plan. Indeed, their argument is interlaced with several unarticulated, not to mention unearned, assumptions.

For example, defendants place weight on the fact that the First Circuit Court of Appeals once found that a specific group of parochial schools in Puerto Rico were "an integral part of the Catholic Church." *Id.*, at 10 (quoting *Surinach* v. *Pesquera De Busquets*, 604 F.2d 73, 76 (1st Cir. 1979)). But it is far from obvious that the Court's finding there (based, presumably, on the factual record before it) can simply be transposed onto this action, or that the precise nature of the relationship between plaintiffs' two schools and the Archdiocese is susceptible to judicial

---

[3] For example, defendants try to show that plaintiffs' schools—Colegio Padre Berrios, and Academia San José—are exempt from tax under 26 U.S.C. § 501(c)(3) by means of a letter, dated May 27, 2016, which purports to be from the Director of Exempt Organizations, Rulings and Agreements, at the Internal Revenue Service in Cincinnati, Ohio. See **ECF No. 17-1**. According to the letter, which is not self-authenticating, see Fed. R. Evid. 902, the United States Conference of Catholic Bishops has a group tax exemption under Section 501(c)(3) that extends to subordinate non-profit organizations operated by the Roman Catholic Church in the United States when the organization is not a private foundation under Section 509(a), when no part of its net earnings inures to the benefit of an individual, and when no substantial part of its activities is for promotion of legislation. *Id.*, at 1. The pleadings provide the Court with no reason to find that this alleged exemption extends to plaintiffs' schools, and defendants would be mistaken to believe that the letter, even if admissible as evidence, sufficiently supports an extension of the exemption to the schools. See Fed. R. Civ. P. 56(c)(1).

notice. See Fed. R. Evid. 201(b). But, even if the Court could notice the "integral" relationship between plaintiffs' schools and the Church, it is hardly clear that the schools do not represent an "unrelated trade or business" pursuant to 26 U.S.C. § 513. See 29 U.S.C. § 1002(33)(B)(i). It is also unclear whether "less than substantially all of the individuals included in the plan" are of the right sort. See *id.*, at § 1002(33)(B)(ii). Moreover, defendants do not mention whether a binding election has been made for the plan under 26 U.S.C. § 410(d). See *id.*, § 1003(b)(2). It is no doubt possible that plaintiffs' pension plan is an exempt church plan under ERISA, but the Court cannot simply assume the facts necessary to finding it is one. In sum, defendants have failed to bear the burden of proving under Rule 12(b)(6) that, due to the character of plaintiffs' plan, no legally cognizable claim for relief exists under ERISA. See *Cohen*, 819 F.3d at 481.

As found above, plaintiffs' complaint states a facially plausible claim that ERISA covers their pension plan. In fact, the plan document that defendants attached to the motion to dismiss specifically provides that the plan will be "administered in a manner consistent with the intent and requirements of the applicable provisions of [ERISA]." **ECF No. 17-4**, at art. 2(A); see also *Lalonde* v. *Textron, Inc.*, 369 F.3d 1, 3 n.5 (1st Cir. 2004) (indicating that a court may rely upon a plan document attached to a Rule 12(b)(6) motion to determine the sufficiency of an ERISA pleading). That said, it is possible that there are no applicable provisions of ERISA because the plan at issue may be an exempt church plan pursuant to 29 U.S.C. §§ 1002(33) and 1003(b)(2). If plaintiffs believe they have shown otherwise, they are severely mistaken.

In their opposition to the motion to dismiss, plaintiffs assert—without citing any legal authority—several alleged requirements of an exempt church plan that their plan allegedly does not meet.  For example, plaintiffs claim that one cannot determine whether a plan is an exempt church plan without knowing whether it "is qualified under the 1954 Internal Revenue Code or under the 2011 Puerto Rico Internal Revenue Code or[] if it is merely a nonqualified plan." **ECF No. 24**, at 2.  Plaintiffs claim further that "[f]or a church plan to be considered within the ERISA definition, the plan must be subject to [p]re-ERISA qualification requirements under the Internal Revenue Code of 1954 and the US [c]ommon law."  *Id.*, at 3.  But plaintiffs do not explain why they hold that belief, nor why they are referring back to the 1954 Tax Code, instead of the 1986 Tax Code.  Plaintiffs then spend more than two pages asserting, without analysis or adequate explanation, that their plan cannot be a church plan unless an election has been made on its behalf under Section 1022(i)(2) of ERISA.  *Id.*, at 3–5.  But it is far from clear why the Court should accept plaintiffs' claim that this apparently uncodified section of ERISA is relevant to whether their pension plan is a church plan.  As the Court has already noted, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."  *Zannino*, 895 F.2d at 17.  If plaintiffs hope to survive summary judgment on this issue, they will need to do better.

The parties continue to make unforced errors throughout their responses to the Court's Order for additional briefing in light of the Supreme Court's recent decision in *Advocate Health Care Network*.  See **ECF No. 53**.  For example, in their response to the Order, defendants aver that

the Supreme Court, in *Advocate Health Care Network*, "held" that the hospital pension plans at issue there, "which only ha[d] 'ties' to Catholic religious orders, were church plans" pursuant to ERISA. **ECF No. 54**, at 5. That is an egregious misrepresentation because the Supreme Court expressly stated, in *Advocate Health Care Network*, that "nothing we say in this opinion expresses a view of . . . [whether] the hospitals' pension plans are not 'church plans' because the hospitals do not have the needed association with a church." 137 S. Ct. at 1657 n.2. For their part, plaintiffs continue to make skeletal arguments that border on incoherence. Here, to take one example, is plaintiffs' entire argument as to why participants in their pension plan are not "employees of a church" within the meaning of 29 U.S.C. § 1002(33)(C)(ii):

> Due to the lack of such statutory requirement they may not be considered 'church employees' under ERISA. See Docket No. 1, ¶ 112, 196–200. Not all Participant Employers are exempt under [Internal Revenue Code section] 501. [The Superintendent, Colegio Padre Berrios, and Academia San José] failed to comply with conditions to be exempt under § 501 of Tittle [sic] 26. The church plan exemption does not apply because plaintiffs are employees of catholic schools not tax exempted organizations under § 501 of the IRC, 26 U.S.C. § 501. They are not exempt organizations under § 501 of Tittle [sic] 26. Therefore, the Plan does not comply with IRC Regulation 1,414(e)-1-c, therefore it is not a church plan.

**ECF No. 56**, at 6. Again, the Court will not do counsel's work, which includes tracking down the proper citation for the alleged regulation above. See *Zannino*, 895 F.2d at 17.

In conclusion, the Court **DENIES** the motion to dismiss, **ECF No. 17**. Furthermore, the motion at **ECF No. 51** is **DISMISSED AS MOOT**, the motion at **ECF No. 54** is **NOTED**, the

motion to join at **ECF No. 55** is **GRANTED**, and the motions for leave to file a reply at **ECF Nos. 57** and **59** are **DENIED**.  Accordingly, the Court **STRIKES** the filings at **ECF Nos. 58** and **60**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**