IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORMA CARDOZA ESTREMERA and CANDIDA PEREZ ROBLES, on their behalf and on behalf of all the participants of the Pension Plan for the Employees of the Catholic School of the Archdiocese of San Juan<br><br>Plaintiffs<br>vs.<br>COLEGIO PADRE BERRIOS, ACADEMIA SAN JOSE, PENSION PLAN FOR THE CATHOLIC SCHOOL OF THE ARCHDIOCESE OF SAN JUAN, BOARD OF TRUSTEES FOR PENSION PLAN FOR THE CATHOLIC SCHOOL OF THE ARCHDIOCESE OF SAN JUAN, MARILYN PANELL and ANA CORTES CRESPO as administrators, WILFRED L. THORNTHWAITE, as actuary for the Plan and THORNTHWAITE & CO, as actuarial firm and INSURANCE COMPANIES A, B &C.<br><br>Defendants | CIVIL NO. 16-2318 |

## MOTION FOR JOINDER OF PARTIES

COME NOW, the plaintiffs through the undersigned attorney and respectfully state and pray as follows:

1. Rule 20 of Federal Rule of Civil Procedure relates to Permissive Joinder of Parties and states:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

(3) *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

2. Plaintiffs claim under ERISA 502(a)(2), 29 USC1132(a)(2) a relief on behalf of the Defendant Pension Plan for Catholic Schools of the Archdiocese of San Juan Plan (the "Plan"). See Paragraphs 34 and 182 of Complaint; see also Count VI at page 47 of Complaint (Docket1). In this case Plaintiffs are asserting   right to relief under ERISA 502(a)(2) as representative of the Plan as a whole on behalf of all plan participants, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and there are questions of law or fact common to all plaintiffs that will arise in the action. For that reason the Plan must be considered a Plaintiff in this case and must be joined as a Plaintiff in this action.

3. The *Catholic Schools Employees' Pension Trust (the "Trust")* appeared voluntarily in this case represented by Attorneys Jesus Rabell and Frank Zorrilla; see Motions for Appearances (Dockets 9 and 12).  The Trust is a separate legal entity with legal existence and capacity apart from the *Defendant Board of Trustees for the Pension Plan for the Catholic School of the Archdiocese of San Juan* (the "Board of Trustees") and *Defendant Pension Plan for Catholic Schools of the Archdiocese of San Juan Plan* (the "Plan"). The Board of Trustees and its Retirement Committee, which are the named fiduciary with the responsibility to manage the Pension Plan asset funds, are entities separate from the Plan and from its Trust.

4.      The Trust, as a separate entity, must be added as additional defendant in this case because a right to relief is asserted against the trust jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and there are question of law or fact common to all defendants that will arise in the action

5.      The Plan is a separate defendant entity from the Trust.  ERISA Section 502 (d) states: *Status of employee benefit plan as entity* : *An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan.  For this reason the Trust must be joint as a separate defendant apart from the Plan and the Board of Trustees.*

WHEREFORE, plaintiffs request this jinder of parties to the complaint in compliance with court order of August 15,2017 (Docket 67).

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, on August 31, 2017.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** that on this same date, October 11, 2016, I electronicallyfiled the foregoing with the Clerk of the Court using the CM/ECF system, which willautomatically send notification of such filing to all CM/ECF participants: Jose O. Ramos-Gonzalez rgtolaw@gmail.com, Jesus R. Rabell-Mendez jrabell@prtc.net, jesusrabell@gmail.com, Frank Zorrilla-Maldonado fzorrilla@fzmlaw.com, Yolanda V.Toyos-Olascoaga ytoyos@ramostoyoslaw.com, yvto@caribe.net, Pedro A. Buso-Garcia pbuso@salawpr.com, pb@pbglaw.com, pbusogarcia@gmail.com,sacosta@salawpr.com, Jaime Luis Sanabria-Montanez jsanabria@salawpr.com,jaime.sanabria@icloud.com, jsanabria@littler.com, Robert Millán,Mi3183180@aol.com.

In San Juan, Puerto Rico, on August 31, 2017.

S/ Luis Vivaldi Oliver<br>
**Luis Vivaldi Oliver**<br>
U.S.D.C.P.R 214413<br>
Attorney for Plaintiffs<br>
P.O. Box 191340<br>
San Juan, P.R 00919<br>
Tel. (787) 413-2218<br>
vivaldipension@hotmail.com