IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORMA CARDOZA ESTREMERA and CANDIDA PEREZ ROBLES, et al<br>**Plaintiffs**<br>v.<br><br>COLEGIO PADRE BERRIOS, ACADEMIA SAN JOSE, PENSION PLAN FOR CATHOLIC SCHOOLS OF THE ARCHDIOCESES OF SAN JUAN, BOARD OF TRUSTEES FOR THE PENSION PLAN FOR THE CATHOLIC SCHOOL OF THE ARCHDICOESE OF SAN JUAN, et al<br><br>**Defendants** | CIVIL No. 16-2318 |

MOTION TO CLARIFY AND IN OPPOSITION TO
"MOTION FOR JOINDER OF PARTIES"

**TO THE HONORABLE COURT:**

COMES NOW the Catholic Schools Employees' Pension Trust[1], through the undersigned counsel, and respectfully state, allege and pray as follows:

1. On August 31 2017, Plaintiffs filed a "Motion for Joinder of Parties". (Docket #71).

2. In the referred motion, Plaintiffs alleged that the Pension Plan for Catholic Schools of the Archdiocese of San Juan ("The Plan") should be considered a separate defendant entity from the Trust according to ERISA Section 502 (d) and for that reason; the Trust must be joined as a separate defendant apart from the Plan.

---

[1] Erroneously identified in the Complaint as the Pension Plan for Catholic Schools of the Archdiocese of San Juan.

Norma Cardoza Estremera v. Colegio Padre Berríos, et als
Civil No. 16-2318
Motion to Clarify and in Opposition to "Motion for Joinder of Parties"
Page No. 2

3. Plaintiffs' argument it is incorrect because the Pension Plan and the Trust, which was constituted for the only purpose of the administration of all assets and/or property of the Plan, are a single juridical entity.

4. The Article 13 of the Pension Plan (Docket #17-4) states: "**The Settlor shall appoint trustees who after granting them the relevant deeds, shall take possession of the property**. **The custody and control of all the assets constituting part of the fund shall be held by the trustee and neither the Settlor nor any participant shall have any property right on it,** except that participants are entitled to receive those payments and distributions that are set forth herein.

5. On the other hand, the Article I of the Deed of Trust (Docket #17-6) states: The Trust hereby established shall be designated and known as Catholic Schools Employees' Pension Trust.

6. Also, the Article II of the Deed of Trust (Docket #17-6) states: The **Trust shall consist of such funds as shall from time to time be deposited with the Trustee by the Settlor** and its employees in accordance with the terms of the Retirement Plan of employees of the Settlor which is officially entitled as Catholic Schools of The Archdiocese of San Juan Pension Plan, **a copy of which is attached to this deed, which funds and any increment thereto and the income therefore and the property for which any of the same shall be exchanged for or into which any of the same shall be converted shall <u>collectively constitute the Trust Estate</u>**. **The**

Norma Cardoza Estremera v. Colegio Padre Berríos, et als
Civil No. 16-2318
Motion to Clarify and in Opposition to "Motion for Joinder of Parties"
Page No. 3

**Trustee shall be responsible only for such sums and property** as shall actually be received by them as Trustees hereunder and shall not be required to determine whether contributions of the Settlor and its participants delivered to it comply with the provisions of the Plan.

7. The above mentioned documents clearly established that the Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan, **is the only and sole entity responsible of all funds and property of the Plan**. Consequently, the Plaintiffs' pretention to separate the entity results in an unsupported and inconsequent juridical fiction.

8. As articulated on the "Motion for Joinder of Parties", Plaintiff based their petition on ERISA Section 502 (d). As previously established before this Honorable Court, it is the Defendants' position that the Pension Plan of the Catholic Schools is a "church plan" and thus, exempted of the provisions of ERISA. Accordingly, Plaintiffs' may not rely on ERISA Section 502 (d). However, only for the discussion of the Plaintiffs' arguments contained on the Motion for Joinder Parties, we should analyze ERISA Section 502 (d). The content of the section is as follows:

(d)  Status of employee benefit plan as entity.
"(1) An employee benefit plan may sue or be sued under this subchapter as an entity. **Service of summons, subpena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan.** In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon

Norma Cardoza Estremera v. Colegio Padre Berríos, et als
Civil No. 16-2318
Motion to Clarify and in Opposition to "Motion for Joinder of Parties"
Page No. 4

the Secretary shall constitute such service. The Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service".

A simple review of the above quoted section should guide this Honorable Court to deny Plaintiffs' request to consider the Trust a separate defendant of the Plan. The summons issued by this Honorable Court on the present case upon the Pension Plan (Docket #1-8) and their consequent service constitutes a proper service of the Trust in its capacity as such and shall constitute service upon the employee benefit plan and vice versa.

Actually, since the Pension Plan of the Catholic Schools is a "church plan" exempted of the provisions of ERISA under U.S. Federal law, the Trust is the legal entity which is recognized under applicable Puerto Rico law, including among other, the Puerto Rico Trust Law. As hereby mentioned on footnote 1 and as previously indicated on the Motion to Dismiss filed by all Defendants (Docket#71), the undersigned attorneys appeared in the present case as legal representatives of the Catholic Schools Employees' Pension Trust, erroneously identified in the Complaint as the Pension Plan for Catholic Schools of the Archdiocese of San Juan. The Pension Plan and the Trust are a single juridical entity properly represented and actively involved in the case of caption. One entity does not exist without the other. The sole reason for being of the Trust is the Plan and the only way in which the Plan exists, is

Norma Cardoza Estremera v. Colegio Padre Berríos, et als
Civil No. 16-2318
Motion to Clarify and in Opposition to "Motion for Joinder of Parties"
Page No. 5

administered and operated is the Trust. Plaintiffs' averment regards ERISA section 502 (d) is simply wrong as per the Deed of Trust (Docket #17-6) and other documents herein mentioned establishes.

WHEREFORE, it is respectfully requested that this Honorable deny the Motion for Joinder of Parties filed by Plaintiffs.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13 day of September, 2017.

WE HEREBY CERTIFY that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

FRANK ZORRILLA LAW OFFICE
Attorney for Defendant: Trust of the Catholic Schools of the Archdioceses of the San Juan Pension Plan
PO Box 191783
San Juan, Puerto Rico 00919-1783
Telephone: (787) 250-1510

s/Frank Zorrilla Maldonado
Frank Zorrilla Maldonado
USDC PR No. 204107
fzorrilla@fzmlaw.com

Attorney for Defendant: Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan

S/JESÚS R. RABELL MÉNDEZ
USDC-PR No. 126701

{AMG: 413206.DOCX v.2}

Norma Cardoza Estremera v. Colegio Padre Berríos, et als
Civil No. 16-2318
Motion to Clarify and in Opposition to "Motion for Joinder of Parties"
Page No. 6

        RABELL MÉNDEZ, C.S.P.
        P.O. Box 195580, San Juan, P.R. 00919-5580
        Phone: (787) 764-1212
        Email: jesusrabell@gmail.com

{AMG: 413206.DOCX v.2}