UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVETTE M. MARTINEZ GONZALEZ, ET AL., <br>   Plaintiffs, <br><br> v. <br><br> CATHOLIC SCHOOLS OF THE ARCHIDIOCESES OF SAN JUAN PENSIONPLAN, ET AL., <br><br>   Defendants. | CIVIL NO. 16–2077 (GAG–BJM) |

**JOINT MOTION FOR CONSOLIDATION**

To The Honorable Court:

Because it would help secure a "just, speedy, and inexpensive determination of [this] action and proceeding," Fed. R. Civ. P. 1, the appearing parties—the plaintiffs and Defendants Superintendence of the Catholic Schools of the Archdioceses San Juan, the Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan, and Samuel Soto—respectfully move under Federal Rule of Civil Procedure 42(a) to consolidate this case—which "having the earliest docket number," should be "designated as the lead case," D.P.R. Civ. R. 42—with Civil No. 16-2318 (ADC).

**Argument**

Federal Rule of Civil Procedure 42(a), and its local counterpart, give this Court ample discretion to consolidate cases "[i]f actions before the court involve a common

- 1 -

question of law or fact, the court may: ... (2) consolidate the actions . . . ." Not surprisingly, then, the First Circuit instructs courts to see "whether the . . . proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (citations omitted). Common sense usually guides this determination: Consolidation is appropriate if it will "promote the aims of all the parties [and] economize time and effort without circumscribing the opportunity for full litigation of all relevant claims," but may be unwarranted if prejudice to a party would outweigh consolidation's benefits. *Rodriguez-Cruz v. Stewart Title Puerto Rico, Inc.*, 88 F. Supp. 3d 23, 24 (D.P.R. 2015) (Gelpí, J.) (quoting *González–Quiles v. Coop. De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 92 (D.P.R. 2007)); *accord, e.g., Levesque v. State of New Hampshire*, CIV. 09-CV-248-JD, 2010 WL 2367346, at *43 (D.N.H. May 12, 2010).

This case and the one presided over by the Chief Judge easily fit this paradigm. To begin with, this motion for consolidation is being properly "presented" here: This is the case "first filed within the cases identified for consolidation." D.P.R. Civ. R. 42. (Its dozens of plaintiffs also dwarf No. 16-2318's two claimants.) And both cases share most of the defendants—and definitely share the main defendants: Those associated with the relevant pension plan. And although the plaintiffs here are different from the two plaintiffs there, their suits advance and seek almost identical goals and remedies. For

consolidation purposes, then, they are similarly situated individuals. *Compare* ECF No. 144 (the amended and thus operative complaint) ("This is an action arising under . . . ERISA to recover benefits due under a multiple employer defined benefits pension plan, to redress breaches of fiduciary duties under ERISA, to recover statutory penalties caused by Defendants' failure to make disclosure as required by ERISA . . . ."); *with Cardoza-Estremera v. Berrios*, No. 16-2318, 2017 WL 3098089, *1 (D.P.R. July 20, 2017) ("The complaint alleges that defendants have mismanaged plaintiffs' pension plan, violating . . . (ERISA), 29 U.S.C. § 1001 et seq., and also Puerto Rico law in the process") (citation omitted). After all, all their claims arise out of the same series of facts and events: The unfortunate financial collapse of the Catholic Schools of the Archdioceses of the San Juan Pension Plan.

The two actions, then, "involve a common question of law or fact." Fed. R. Civ. P. 42(a). And consolidation is thus warranted. *See Boggs v. Chesapeake Energy Corp.*, 286 F.R.D. 621, 623 (W.D. Okla. 2012) (holding that "consolidation of the ERISA Actions is appropriate because each of the ERISA Actions arise from similar allegations against similar defendants involving common questions of law and fact . . . [and because it] achieves convenience and economy in the administration of justice. Additionally, to ensure continued judicial efficiency, the Court finds that any future ERISA actions based on the same or similar facts and circumstances should be consolidated with the consolidated ERISA action.").

Policy reasons, too, support consolidation. It will conserve judicial resources: Both cases probably will be resolved quicker—and probably for less money, too—than if they were tried separately. *See generally* Fed. R. Civ. P. 1. This is buttressed by one of the central and threshold issues that *both* cases share: Whether the relevant pension plan is an exempt church plan. *Compare Cardoza-Estremera*, 2017 WL 3098089, at *3 ("It is no doubt possible that plaintiffs' pension plan is an exempt church plan under ERISA, but the Court cannot simply assume the facts necessary to finding it is one."); *with* ECF No. 56 ("The request for injunctive relief at 10 is hereby NOTED. Because, as the Court indicated in its order at Docket No. 33, the threshold issue is whether the pension plan at issue is exempt from ERISA, any injunctive relief ultimately hinges on the merits of this issue"). By consolidating the two cases, furthermore, no longer will two different judges have to duplicate efforts by often resolving identical questions.

"A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de Servicio de Salud*, 878 F.2d at 8. Nobody can plausibly show prejudice here (or in No. 16-2318) let alone demonstrable prejudice. Nor would consolidation cause any confusion. Quite the contrary is true. As just discussed, their claims may probably be adjudicated quicker. And some of the witnesses may even be spared from having to testify twice in the proceedings. Here, as in *Pino-Betancourt v. Hosp. Pavia Santurce*, "consolidation would both reduce the litigation costs to the parties and serve judicial economy." 928 F. Supp. 2d 393, 395 (D.P.R. 2013). Because all plaintiffs

may fully litigate each well-pleaded and plausible claim that falls under this Court's subject-matter jurisdiction, nobody will be prejudiced by joining all claims into one action.

**Conclusion**

For the reasons stated, and because the appearing parties have met their burden of showing that the cases should be consolidated, they respectfully request that this Court *grant* this motion.

Dated: September 13, 2017                              Respectfully submitted,

 

**SBGB LLC**
*Attorneys for the Superintendence of Catholic Schools of Archdioceses of San Juan, and Samuel Soto*

Corporate Center Building|Suite 202
33 Calle Resolución
San Juan, PR 00920
Tel. (787) 487-6006

/s/ **Jaime L. Sanabria Montañez**
USDC-PR 225307
jsanabria@sbgblaw.com

FRANK ZORRILLA LAW OFFICE
*Attorney Trust of the Catholic Schools of the Archdioceses of the San Juan Pension Plan*
PO Box 191783
San Juan, Puerto Rico 00919-1783
Telephone: (787) 250-1510
 s/Frank Zorrilla Maldonado
Frank Zorrilla Maldonado

USDC PR No. 204107
fzorrilla@fzmlaw.com

*Attorneys for Plaintiffs*
**Carlos F. Lopez-Lopez**
PO Box 8852
San Juan, PR 00910-0852
787-273-0611 Fax: 787-501-4150
charlielopez@gmail.com

**/s/ CARLOS F. LOPEZ-LOPEZ**
USDC-PR 126514
PO Box 9023980

San Juan, PR 00902-3980
787-273-0611
Fax: 787-273-1540
fjamundaray@aol.com

**/s/ Francisco J. Amundaray-Rodriguez**
USDC-PR 208706

## CERTIFICATE OF SERVICE

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. Additionally, I certify that, by filing a copy of this filed motion in Civil No. 16-2318 (ADC), I will have complied with Local Rule 42, which mandates that "[t]he motion for consolidation shall be served on all parties within all cases for which consolidation is sought."

By: **/s/ Jaime L. Sanabria Montañez**